IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON HULL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 22-CV-1559-SMY |
| | ) |
| WARDEN ERIC WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Aaron Hull's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The Government responded in opposition (Doc. 11), and Hull filed a reply (Doc. 15). For the following reasons, the Petition will be **DISMISSED**.[1]

**Factual and Procedural Background**

Hull is a federal prisoner who is incarcerated at FCI-Greenville, within the Southern District of Illinois.[2] In 2011, Hull pleaded guilty to one count of possession of a firearm by a previously convicted felon and one count of possession of ammunition by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). *United States of America v. Aaron Hull,* 11-cr-30042-SMY (Doc. 27) (S.D. Ill. Sep. 7, 2011). As part of the plea agreement, Hull acknowledged that he had committed predicate offenses for enhanced penalties under the Armed Career Criminal Act ("ACCA"), including a 2005 Burglary in St.

---

[1] Hull's pending motion for status (Doc. 17) is GRANTED insofar as this memorandum and order reflects that status.

[2] Hull's Petition is properly before this Court as it was filed during his incarceration at FCI-Greenville.

Clair County, Illinois (05-CF-1409), another 2005 Burglary in St. Clair County, Illinois (05-CF-1303), a 1997 Residential Burglary in St. Clair County, Illinois (96-CF-1287), a 1996 Residential Burglary in St. Clair County, Illinois (96-CF-597), a 1993 Residential Burglary in St. Clair County, Illinois (93-CF-507), a 1988 Residential Burglary in St. Clair County, Illinois (88-CF-526), a 1988 Burglary in St. Clair County, Illinois (88-CF-430), and a 1983 Robbery in St. Clair County, Illinois (83-CF-786).  *United States of America v. Aaron Hull,* 11-cr-30042-SMY (Doc. 28, pp. 8-10) (S.D. Ill. Sep. 7, 2011).  These convictions were used to enhance his statutory minimum sentence to 15 years under the ACCA.  18 U.S.C. § 924(e)(1).[3]

On December 16, 2011, Hull was sentenced to a mandatory minimum 180-month term of imprisonment to be followed by three years of supervised released.  *United States of America v. Aaron Hull,* 11-cr-30042-SMY (Doc. 34) (S.D. Ill. Dec. 16, 2011).  He did not appeal his sentence.

Hull subsequently filed a § 2255 habeas petition in which he argued, based on *Johnson v. United States*, 576 U.S. 591 (2015), that his 1983 Robbery and four Residential Burglary convictions from 1988, 1993, 1996, and 1997 were not valid predicates under the ACCA.  *Hull v. United States of America,* 16-cv-646-SMY (Doc. 3) (S.D.Ill. Jun. 16, 2016).  The Petition was denied as all five of Hull's predicate offenses were "violent predicate offenses under ACCA's elements clause, not its residual clause."  *Hull v. United States of America,* 16-cv-646-SMY (Doc. 22, p. 3) (S.D.Ill. Jul. 12, 2018).

---

[3] Without the ACCA enhancement, Hull would have faced a statutory *maximum* penalty of 10 years on the felon in possession counts.  18 U.S.C. § 924(a)(2).  See also, *United States v. Turner*, 47 F.4th 509, 514 (7th Cir. 2022) ("felon in possession of a firearm would ordinarily carry a maximum sentence of ten years").

Hull then filed a Petition under 28 U.S.C. § 2241 in his previous district of confinement, the Northern District of West Virginia. Relying on *Mathis v. United States,* 136 S.Ct. 2243 (2016) and *United States v. Haney*, 840 F.3d 472 (7th Cir. 2016), Hull argued that his previous Illinois Residential Burglary and Burglary offenses no longer qualified as predicate offenses under the ACCA. *Hull v. Coakley,* 20-cv-00005-JPB (Doc. 1, p. 5) (N.D.W.V. Jan. 10, 2020). That court denied the Petition, noting "[T]he Seventh Circuit has ruled that the current version of the [Illinois Residential Burglary] statute, in effect since 1982, and prior to the Petitioner's entry into dwellings with the intent to commit theft in 1988, 1993, and 1996 do count as prior felony convictions and support his sentence under the ACCA." *Hull v. Coakley,* 20-cv-00005-JPB (Doc. 15, p. 8) (N.D.W.V. Jun. 30, 2020).

In 2016, the issue of whether Illinois Burglary constitutes a predicate offense under the ACCA changed with *United States v. Haney*, 840 F.3d 472 (7th Cir. 2016), in which the Seventh Circuit applied the statutory analysis of *Mathis v. United States,* 136 S.Ct. 2243 (2016) to the criminal offense and determined that it was not a "violent felony" under the ACCA. *Haney*, 840 F.3d at 475. And in 2020 and 2021, the issue of whether Illinois Residential Burglary constitutes a predicate offense under the ACCA changed with *United States of America v. Glispie*, 978 F.3d 502 (7th Cir. 2020), and *United States v. Nebinger*, 987 F.3d 734 (7th Cir. 2021). In those cases, the Seventh Circuit noted that "the Illinois Supreme Court has authoritatively ruled on the scope of the state offense [of residential burglary], and in so doing, has clarified that it cannot be used for ACCA purposes." *Nebinger*, 987 F.3d at 738.

Now, in the instant Petition, relying on *Haney*[4], *Gilspie* and *Nebinger*, Hull argues that his Illinois Burglary and Illinois Residential Burglary offenses should not have triggered an ACCA enhancement and he should only be subject to a maximum penalty of 10 years of imprisonment (Doc. 1).

## Discussion

Petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Consequently, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Before the United States Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. ____ (2023), the law in this Circuit would have also allowed Hull to invoke the savings clause of § 2255(e) to pursue habeas petitions under § 2241 to demonstrate that new decisions of statutory interpretation could apply to his case and result in a different outcome. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). However, the Supreme Court has closed the door on that possibility, holding that "the saving clause does not authorize such an end-run [on § 2255]" and that § 2241 may only be employed "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to

---

[4] Although Hull does not specifically cite to *Haney*, he conducts an analysis of the Illinois Burglary statute under *Mathis v. United States,* 136 S.Ct. 2243 (2016), as the Seventh Circuit did in *Haney*.

detention other than collateral attacks on a sentence." See, *Jones v. Hendrix*, 599 U.S. \_\_\_\_ (2023), No. 21-857, slip op. at pp. 9-11 (Sup. Ct. June 22, 2023).

Because Hull presents no circumstances that made it impossible or impracticable for him to seek relief in the sentencing court nor a challenge other than a collateral attack on his sentencing, his Petition will be dismissed. Because this issue is dispositive, the Court need not analyze whether Hull's habeas petition is potentially barred by a waiver in his plea agreement.

### Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Hull to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000). If Hull wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues that Hull plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Hull chooses to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee

(the amount to be determined based on his prison trust fund account records for the past six months), irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: July 14, 2023**

**STACI M. YANDLE**
**United States District Judge**